UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>D. WOODFILL, et al.,<br><br>    Defendants. | No. 2:20-cv-2078 TLN DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner proceeding pro se. In a complaint filed October 19, 2020, plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends this action be dismissed if plaintiff fails to pay the filing fee.

**IN FORMA PAUPERIS STATUTE**

  The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## HAS PLAINTIFF ACCRUED THREE STRIKES?

Plaintiff has pursued a number of actions in this court. In one, Chief Judge Mueller recently held that plaintiff accrued three strikes prior to filing the complaint in that case. See Ruiz v. Woodfill, E.D. Cal. No. 2:20-cv-0205 KJM AC P (Orders filed Mar. 11, 2020 (ECF No. 8) and July 8, 2020 (ECF No. 17).) The cases held to be strikes are: (1) Ruiz v. McGuire, S.D. Cal. No. 3:16-cv-0388 AJB BLM (complaint dismissed with leave to amend for failure to state a claim; case dismissed on May 9, 2016, for failure to file an amended complaint); (2) Ruiz v. Curry, E.D. Cal. No. 1:17-cv-1454 DAD SAB (case dismissed for failure to state a claim on May 30, 2018); and (3) Ruiz v. Curry, 9th Cir. No. 19-16456 (appeal dismissed as frivolous on November 22, 2019).

Each of these cases was dismissed prior to the filing of the complaint in the present case as well. Accordingly, plaintiff accrued three strikes prior to filing this case and may not proceed unless he can show he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g).

////

**IMMINENT DANGER OF SERIOUS PHYSICAL INJURY**

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In the present case, plaintiff alleges that in September 2020 defendants used excessive force while transporting him, causing plaintiff serious injuries. He further alleges defendant Shearer retaliated against him for filing a grievance and defendant Makena lost some of his personal property.

Plaintiff makes no allegation of imminent danger of serious physical injury at the time he filed his complaint. See Andrews, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Therefore, he does not establish an exception to the three-strikes rule of § 1915(g).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after

being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 2, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/ruiz2078.scrn 3 strikes fr