UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>A. SHEARER, et al.,<br><br>Defendants.[1] | No. 2:20-cv-2078 TLN DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. He argues that he speaks only Spanish and has difficulty understanding legal documents.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

---

[1] Plaintiff complains that the court previously identified the defendants as "D. WOODFILL, et al." Because D. Woodfill is a defendant in this case, that designation was not inappropriate. However, this court will hereafter name the first defendant listed on the docket, A. Shearer, to avoid any possible confusion.

1

1 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
2 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances
3 common to most prisoners, such as lack of legal education and limited law library access, do not
4 establish exceptional circumstances that would warrant a request for voluntary assistance of
5 counsel.  In the present case, the court does not find the required exceptional circumstances.
6 Plaintiff is in no different position than many pro se prisoner litigants.  Further, his filings show
7 that he can prepare, or can find assistance preparing, documents that adequately address legal
8 issues.
9 Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
10 counsel (ECF No. 14) is denied.
11 Dated:  January 29, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/ruiz2078.31(2)