UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. SHEARER, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-02078-TLN-DB<br><br>**ORDER** |

　　　　Plaintiff Rogelio Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* with a civil rights action under 42 U.S.C. § 1983. On January 15, 2021, the Court issued an Order in which it held that Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g) and denied his Motion to Proceed *in Forma Pauperis*. (*See* ECF Nos. 10, 13.) In addition, the Court found Plaintiff did not meet the exception to the three strikes rule by showing he was in imminent danger of serious physical injury at the time his Complaint was filed. (*See id.*); *see also Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015).

　　　　On January 25, 2021, Plaintiff filed a motion titled "Motion: Request for Interpreter Counsel and Request Motion in Forma Pauperis to be Granted," in which he argues that he should qualify for the imminent danger exception to the three strikes rule and requests the Court appoint him a Spanish-speaking attorney. (ECF No. 14.) On January 28, 2021, Plaintiff filed a second motion, titled "Motion: Request Appointment of Attorney Interpreter and His Motion Request (IFP) to be granted," which further details Plaintiff's objections to the finding that he qualifies as

1

1  a three strike litigant and appears to request the same relief as his previous filing.  (*See* ECF No.
2  15.)  Accordingly, the Court will address both filings together.  On February 1, 2021, the
3  magistrate judge issued an order denying Plaintiff's requests to appoint counsel.  (ECF No. 16.)
4  With respect to Plaintiff's *in forma pauperis* arguments, the Court construes Plaintiff's filings as a
5  Motion for Reconsideration of its January 15, 2021 Order pursuant to Federal Rule of Civil
6  Procedure ("Rule") 59(e).  *See* Fed. R. Civ. P. 59(e).

### I.  STANDARD OF LAW

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law."  *McDowell*, 197 F.3d at 1255 (emphasis in original).  Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* at 1255 n.1.  Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Allstate Ins. Co.*, 634 F.3d at 1111.

### II.  ANALYSIS

To the extent Plaintiff seeks reconsideration of the January 15, 2021 Order's finding that he had accrued three strikes under 28 U.S.C. § 1915(g) (*see* ECF No. 14 at 2; ECF No. 15 at 1–2), Plaintiff fails to establish he is entitled to relief under Rule 59(e).  Plaintiff's arguments do not

constitute "newly discovered or previously unavailable evidence" or "an intervening change in controlling law," but instead are arguments Plaintiff previously made in opposition to the three strikes finding. (*See* ECF No. 11 at 2); *Allstate Ins. Co.*, 634 F.3d at 1111; *see also Marlyn*, 571 F.3d at 880. As such, Plaintiff fails to demonstrate reconsideration is warranted with respect to his three-strikes litigant status. *Allstate Ins. Co.*, 634 F.3d at 1111.

To the extent Plaintiff provides new facts and circumstances in support of his request for reconsideration with respect to the imminent danger exception (*see* ECF No. 14 at 2), Plaintiff's arguments nevertheless fail to establish a different finding is appropriate. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Further, "[i]mminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998); *see also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g) . . . ."). Thus, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Plaintiff states only that he faces a "threat of death or injury due to enemies or other placement concerns." (ECF No. 14 at 2.) This statement is too vague to support the imminent danger exception. *White*, 157 F.3d at 1231–32; *Martin*, 319 F.3d at 1050. Therefore, the Court finds Plaintiff fails to show he was in "real and proximate" danger when he filed the Complaint in October 2020. *Andrews*, 493 F.3d at 1053. Accordingly, Plaintiff fails to demonstrate that the "extraordinary remedy" he seeks is warranted with respect to the imminent danger exception. *Allstate Ins. Co.*, 634 F.3d at 1111.

**III.  CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration (ECF Nos. 14, 15) of the Court's January 15, 2021 Order is DENIED.

2. Plaintiff will be provided additional time to pay the $400 filing fee. However, if Plaintiff does not pay the fee within fourteen (14) days of the electronic filing date of this Order, this action will be dismissed.

IT IS SO ORDERED.

DATED: February 10, 2021

Troy L. Nunley
United States District Judge