UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:20-cv-2078 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| A. SHEARER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Presently before the court is plaintiff's fourth motion requesting the appointment of counsel. (ECF No. 18.) A large portion of plaintiff's motion has been written in Spanish.[1] Plaintiff further indicates that he would like to have this action reassigned to another magistrate judge. The court will address each request in turn below.

**I.      Request for Reassignment**

Plaintiff has requested that this action be assigned to a different magistrate judge in the caption of his motion. The court construes this request as a motion for recusal. In support of his request for recusal plaintiff has cited various instances when the court has not ruled in his favor.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

---

[1] The court has endeavored to translate and consider the portions of this document that were written in Spanish.

1

prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see also Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds in Simmons v. Himmelreich, 136 S. Ct. 1843 (2016).  Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  United States v. Axhocar, 581 F.2d 735, 738 (9th Cir. 1978).

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained in the course of the proceedings.  Pesnell, 543 F.3d at 1043-44 (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Id. at 1044 (quoting Liteky, 510 U.S. at 555).  "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."  Liteky, 510 U.S. at 555.  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.; Pesnell, 543 F.3d at 1044.  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555-56).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  United States v. Johnson, 610 F.3d 1138, 1147 (quotation marks and citation omitted).  "Adverse findings do not equate bias."  Id. at 1148.

////

1	The apparent argument in support of plaintiff's request, is that the undersigned has ruled
2	against him.  However, plaintiff's disagreement with prior rulings is not a basis for recusal.  See
3	Johnson, 610 F.3d at 1148.  Plaintiff has not alleged any facts that would indicate a deep-seated,
4	or any, favoritism on the part of the undersigned such as to make fair judgment impossible.  Thus,
5	plaintiff has not stated any allegations that would present a basis for recusal.

6	**II.	Motion to Appoint Counsel and Request for an Interpreter**

7	Plaintiff requests that counsel and an interpreter be appointed because he speaks only
8	Spanish, has a low TABE score, and he cannot litigate or understand court rules, citations, or
9	terminology.  (ECF No. 18 at 1.)

10	**A.  Request for an Interpreter**

11	"[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when
12	authorized by Congress . . . ."  Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting
13	United States v. MacCollom, 426 U.S. 317, 321 (1976)).  The court is unaware of any statute
14	authorizing the expenditure of public funds for a court-appointed interpreter in a civil action.  See
15	Loyola v. Potter, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not
16	authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay
17	for such a program.").  Accordingly, the court will deny plaintiff's request for an interpreter.

18	**B.  Request for the Appointment of Counsel**

19	The United States Supreme Court has ruled that district courts lack authority to require
20	counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490
21	U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the
22	voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
23	1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
24	The test for exceptional circumstances requires the court to evaluate the plaintiff's
25	likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
26	light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
27	1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
28	common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. As previously stated, plaintiff's filings in this action show that he can prepare, or find assistance preparing, documents that adequately address legal issues. Additionally, plaintiff has been instructed to pay the filing fee before he can proceed in this action. Thus, the appointment of counsel would be premature at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel and request for reassignment (ECF No. 18) is denied.

Dated:  March 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/ruiz2078.31(4)